## THE STATE OF NEVADA ex rel. JOHN FORD, Appellant, *v.* JACOB A. HOOVER, Respondent.

Acknowledgments by County Recorders. An acknowledgment of a certificate for the constructing and maintaining of a toll road under the Act of 1865, (Stats. 1865, 254) taken before a County Recorder, is sufficient.

Construction of Statutes—"Recorders." The Act of 1861, (Stats. 1861, 422) authorizing "Recorders" within their respective counties to take acknowledgments, referred to County Recorders, and not to Judicial Recorders—officers not then known to the laws.

Construction of Statutes—Power of Recorders to take Acknowledgments. The fact that the Act of 1865 (Stats. 1864–5, 110, Sec. 63) authorizes Judicial Recorders to take acknowledgments of conveyances, does not take away a like power conferred on County Recorders by the Act of 1861. (Stats. 1861, 422.)

On Petition for Rehearing: Construction of Statutes—Acknowledgments by Recorders. The Act of 1867, (Stats. 1867, 103) providing that acknowledgments within the State shall be taken by certain officers, and not mentioning County Recorders among them, being simply an Act amendatory of a like Act of 1861, (Stats. 1861, 11) did not take away from County Recorders the power to take acknowledgments conferred upon them by the Practice Act of 1861. (Stats. 1861, 422.)

Statutes in Pari Materia should be Construed together. Statutes relating to the same subject matter which can stand together should be so construed as to make each effective.

Appeal from the District Court of the Third Judicial District, Washoe County.

This was an information filed in the Court below on September 21st, 1868, on behalf of Ford against Hoover, who was in possession and receiving the tolls of the road in controversy. It is a road in Washoe County, beginning on the Ophir Grade Toll Road, near New York Mill, at the north end of Little Washoe Lake, and run-

ning thence southerly to the Lake View House, on the line between Washoe and Ormsby counties, and known as the " Washoe Valley Extension and Branch Toll Road." Other facts are stated in the opinions.

*Robert M. Clarke*, for Appellant.

The County Recorder had authority to take acknowledgments. (Stats. 1861, 422, Sec. 636.) The Recorder mentioned in the section cited is without doubt the County Recorder. The language is susceptible of no other interpretation. But if any doubt exists it is removed by reference to the statutes of California, from which the section is copied. (Cal. Stats. 1853, 287, Sec. 107.)

The certificate was good under the Act of March 8th, 1865, (Stats. 1864–5, 254) and should have been admitted in evidence.

*T. D. Edwards*, for Respondent.

The principal point at issue in this case is whether or not a County Recorder had, in 1868, the power to take. and certify acknowledgments of conveyances of real property and other written instruments.

The first legislation upon the subject was in an Act approved November 5th, 1861, (Stats. 1861, 11) in which no such power is given to the County Recorder.

. The Act of 1861 (Stats. 1861, 422, Sec. 636) provides that: " The Judges of the Supreme Court, of the District Courts, and of the Probate Courts, shall have power in any part of the Territory, and Justices of the Peace and Recorders, within their respective counties, shall have power to take acknowledgments," etc.

The Legislature must have intended the word " Recorder," as used in this connection, to refer to and mean a Recorder of a Court, and not a County Recorder. The section does not refer to a Clerk of any Court, or a Notary Public ; it only refers to Courts and Judges—to the presiding officers of Courts. The word " Recorder," therefore, as used in connection with Judges of other Courts, is clearly intended to refer to Recorders of Courts, and not County Recorders.

. Again :   The statute of Nevada Territory of 1861, creating the

Territorial office of County Recorder, was wholly repealed in 1866. (Stats. 1866, 250, Sec. 101.)   Could a County Recorder, subsequent to the repealing Act of 1866, have any power given him by a Territorial statute only, when the Territorial Act which created the office had no existence ?   Did a County Recorder, subsequent to said Act of 1866, have any power, except that conferred on him by the statutes of the State of Nevada ?

Again:   In the Act of 1865, relating to conveyances, the power to take acknowledgments is clearly denied County Recorders. (Stats. 1865, 118.)

Again:   In 1867 (Stats. 1867, 103) an Act was passed defining, in strong language, who shall take acknowledgments, and County Recorders are not named.   They are therefore excluded, and can not take acknowledgments.

By the Court, LEWIS, C. J. :

The first section of an Act of the Legislature, entitled " An Act to provide for Constructing and Maintaining Toll Roads and Bridges," (Stats. 1865, 254) declares that " any person or persons desiring to construct and maintain a toll road within any one or more of the counties of this State, shall make, sign, and acknowledge, before some officer entitled to take acknowledgments of deeds, a certificate, specifying: First, the name by which the road shall be known; and, second, the names of the places which shall constitute the termini of said road.   Such certificate shall be accompanied with a plat of the route of the proposed road, and shall be recorded in the office of the County Recorder of the county or counties within· or through which said road is proposed to be located ; and the record of such certificate and plat shall give constructive notice to all persons of the matters therein contained. The work of constructing such road shall be commenced within thirty days from the time of making the certificate above mentioned, and shall be continued with all reasonable dispatch until completed." In accordance with this law, Ford had a certificate and plat recorded in the proper county, and proceeded with the construction of his road.   But Hoover, who afterwards claimed the right to build a road upon the same route, contends that the County Recorders

of this State have no authority to take acknowledgments; and as the acknowledgment of the plaintiff's certificate was taken by the County Recorder of Washoe County, it was not legally acknowledged, therefore that the requirements of the law in this respect were not complied with.

Whether County Recorders have such authority or not is the only question now to be determined. Section six hundred and thirty-six of the Statutes of 1861, provides among other things that Justices of the Peace and Recorders within their respective counties shall have power to take acknowledgments. But as this section is found under the title "Miscellaneous provisions respecting Courts and Judicial officers," it is argued that the Recorders referred to in this section, are the judicial officers known by that name. The objection to this position however is, that there was no Judicial Recorder known to the laws of the Territory at the time this authority to take acknowledgments was given, but County Recorders were, and their duties and responsibilities were fully defined. It may be inferred from this that the latter officers were referred to, as it cannot be supposed the Legislature conferred authority and power upon officers entirely unknown in the Territory, and nowhere recognized by its laws. If this statute is to have force and vitality it must be held that the Recorders referred to are the county officers known as such. A further reason in favor of the conclusion that these latter officers were referred to, and the authority to take acknowledgments was given to them, is the fixing by the Territorial Legislature of their fees for taking acknowledgments. (Stats. 1861, 247.)

Section sixty-three of the Statutes of 1864–5, page 118, we do not think in anywise affect this question; undoubtedly, the Recorders there referred to are Judicial Recorders; but to confer the power of taking acknowledgments on these latter officers, cannot nor does not seem to have been the purpose to deny that right to the County Recorders. This section is not an amendment of, nor does it supercede, section six hundred and thirty-six of the Statutes of 1861. For these reasons we conclude that the authority to take acknowledgments was by the law referred to, given to the County Recorders of the Territory, and as that law is still in force,

Ford *v.* Hoover.

it follows that the acknowledgment to the plaintiff's certificate was properly taken.

Judgment below reversed, and cause remanded.

By JOHNSON, J., dissenting :

In February, 1868, Ford, the relator, and appellant here, with intent to secure the right to construct a certain toll road under the provisions of the general law regulating toll roads and bridges, approved March 8th, 1865, (Stats. 1864–5, 254) made the certificate contemplated by section one of said Act, and acknowledged the same before the County Recorder of Washoe County. This process was repeated in August, 1868. These certificates were made of record in said county.

On the trial in the Court below, the certificates being offered in evidence on the part of the plaintiff, were objected to on the ground that the County Recorder, at the times above stated, had no authority to take acknowledgments of such instruments. The objection being sustained, the case on appeal presents the single question whether the County Recorder had authority to take acknowledgments of deeds; for to render such a certificate valid by the provisions of section one of the Act referred to, the party " shall make, sign, and acknowledge the same, before some officer entitled to take acknowledgments of deeds."

On behalf of appellant it is claimed that power was given County Recorders to take acknowledgment of deeds, etc., by section six hundred and thirty-six of the Practice Act. To this view of the question I am much inclined, and if the proposition depended solely on a construction of that section, I would probably adopt that view of it. But has not a later enactment superceded the authority of that statute ? Admit that on the twenty-ninth of November, 1861, County Recorders, under section six hundred and thirty-six, could take acknowledgments of deeds, how stood the matter when, by the law of March 11th, 1867, (Stats. 1867, 103) it was provided that " the proof or acknowledgment of every conveyance affecting any real estate, shall be taken by some one of the following officers: First, if acknowledged or proved within this State by some Judge or Clerk of a Court having a seal, or some Notary Public or Justice of the Peace."   *   *   *

This law was in force, and in my view none other, regulating the matter of acknowledgments taken *within the State* when these certificates were made. It was subsequent in point of time to the enactment of 1861, under which the power of the County Recorder to do this thing is claimed, and if conflicting with a former Act, upon all known principles of construction must be held the superior and prevailing law. The law-making power, on the eleventh of March, 1867, had declared that " the proof or acknowledgment of every conveyance affecting any real estate *shall be taken* by some one of the following officers, etc., among which are not enumerated County Recorders. This in itself is a positive inhibition on such officers exercising such powers, after the date of its approval, unless covered by subsequent enactments, which perhaps the recently · amended Practice Act has done, which however is of later date than the matters involved in this appeal.

In my opinion the judgment of the District Court should be affirmed.

On petitition for rehearing—By the Court, WHITMAN, J.— LEWIS, C. J., concurring :

Upon petition for rehearing by respondent, it is insisted, that the statute of March 11th, 1867, is conclusive of this case, and that the language there used, as follows : " The proof or acknowledgment of every conveyance affecting any real estate, shall be taken by some one of the following officers." * * * Among whom County Recorders are not mentioned, inhibits such officers from taking acknowledgments affecting any real estate.

It will be seen, upon examination, that the statute relied on is simply amendatory of the "Act concerning Conveyances," approved November 5th, 1861 ; that the amendment touches entirely other matters than the point here presented ; and that as to such question, the language of the original and amended statutes is identical. Both the statutes upon which the opinion of this Court was based, were passed subsequently to that of November 5th, 1861, having been approved November 29th, 1861, and in the judgment of the Court, all can and should stand and be construed together, so as to make each effective.

If this view be correct, it cannot be shaken by the amendment of 1867, which, as has been stated, has not altered the law. Seeing, therefore, no reason for change in the original judgment, a rehearing is denied.